JACOBINA GARCÍA-ESCLAVÓN, Plaintiff and Appellant, v. DIONISIA ELISA ARABIA DE GOYCO, Defendant and Appellee.

No. 3696. Argued July 6, 1925.—Decided July 24, 1925.

1. APPEAL—INTEREST.—When in rendering judgment a court fixes the amount of interest following the wording of the deed any discussion of the said interest on appeal is frivolous.
2. ID.—Under section 296 of the Code of Civil Procedure the appellant may appeal from the entire judgment and raise any incidental questions.

Motion to dismiss by the appellee. *Overruled.*
*Leopoldo Tormes García* for the appellant.  *R. Arjona Siaca* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The object of the suit in this case was that a sale made

with the right of conventional redemption should be considered as a mortgage. The complaint also contains a prayer for costs and attorney's fees. The defendant-appellee consented to the entry of a judgment, but objected to the imposition of costs and attorney's fees. The matter was submitted to the District Court of Ponce, which rendered judgment for the complainant with costs, but without attorney's fees. The complainant appealed. The appellee moves to dismiss on the ground that the appeal is frivolous.

[1] The court, in rendering judgment, fixed the amount of interest, as we see it, following the words of the deed, and therefore we are inclined to agree with the appellee that any discussion of the interest is frivolous, inasmuch as the complainant obtained exactly what he sought in the complaint.

We cannot, however, agree with the appellee that the appeal is frivolous with respect to the failure to concede attorney's fees. While there is a fair probability that the court acted wisely in refusing to concede the fees, this was the principal question submitted to the trial court, which was decided against the contentions of the complainant and appellant.

[2] Although there is some jurisprudence to the effect that an appeal should be directed to the specific part of the judgment complained of, yet our statute does not necessarily lend itself to such a construction. Section 296 of the Code of Civil Procedure provides: "An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney." Under this language, we feel bound to hold that the appellant may appeal from the entire judgment and raise any incidental questions. We find nothing in our decisions or the decisions of California to the contrary.

The motion to dismiss must be overruled.